IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| RICKY DENTON, ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-8043-IPJ-JEO |
| ) | 3:11-cr-0098-IPJ-JEO |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the court is the defendant's motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255. (11-8043 at Doc. 1).[1] In support thereof, he alleges that he involuntarily pled guilty to the offense of conspiring to defraud the United States. (*Id*. at 2-4). Upon consideration, the court finds that the motion is due to be denied and dismissed as being premature.

The defendant pled guilty on August 11, 2011. He filed a motion to withdraw his plea, which was denied on August 30, 2011. (11-098 at Doc. 171). He filed a notice of appeal. The Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction on October 31, 2011. (11-98 at Doc. 214). He filed the present motion on November 28, 2011. (11-8043 at Doc. 1).

28 U.S.C. § 2255(a) provides:

> A prisoner in custody **under sentence of a court** established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

---

[1] Document references herein are to the defendant's criminal case (*United States v. Ricky Denton*, 3:11-cr-098-IPJ-JEO (11-098)) and his § 2255 motion (*Ricky Denton v. United States*, 3:11-cv-08043-IPJ-JEO (11-8043)).

>court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence** to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (bold added). The foregoing statute is clear that before a defendant may initiate a § 2255 proceeding, he must be serving a sentence. In the present case, the defendant has not been sentenced. He is due to be sentenced on January 13, 2012. (11-098 at Doc. 225). Accordingly, this motion is premature and due to be denied and dismissed at this juncture. An appropriate order will be entered.

**DONE**, this the 6th day of December, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE